[No. 37118.   En Banc.   November 5, 1964.]

GRACE HERBERT, *Appellant,* v. THE CORPORATION OF CATHOLIC ARCHBISHOP OF SEATTLE, *Respondent.**

*Montgomery, Purdue, Blankinship & Austin,* for appellant.

*Karr, Tuttle, Campbell, Koch & Granberg* and *Hugh Carney,* for respondent.

PER CURIAM.—The defendant obtained a summary judgment in the trial court on the basis of charitable immunity from tort liability, a doctrine since discarded by this court in *Friend v. Cove Methodist Church, Inc.* (1964) *ante* p. 174, 396 P. (2d) 546. Grace Herbert (plaintiff-appellant) was injured on the grounds of the St. Philomena Church, a parish of the Corporation of Catholic Archbishop of Seattle (defendant-respondent), while she was attending a Rosary service for a deceased friend. The night was dark, and the ground covered with snow. The plaintiff, unfamiliar with the area, attempted to walk directly from the parking lot to the lighted church doorway. Such a direct route did not follow the sidewalk. It took the plaintiff across a narrow strip of lawn (see diagram below). The plaintiff tripped over a 15-inch white wire fence, placed to prevent persons from walking on the lawn. Serious injuries were sustained.

In granting the summary judgment, the trial judge ex-

*Reported in 396 P. (2d) 552.

pressed misgivings not unlike those of this court in *Friend v. Cove Methodist Church, Inc., supra.* His order recited:

"Although convinced that the rule and the policy of the law of non-immunity announced by the majority opinion in

*Pierce vs. Yakima Valley Hospital Association,* 43 Wn. (2d) 162, are correct and should be the law of this state . . . some of the language in the subsequent decisions of *Lyon vs. Tumwater Evangelical Free Church,* 47 Wn. (2d) 202, and *Pedersen vs. Immanuel Lutheran Church,* 57 Wn. (2d) 576, . . . [required the granting of] defendant's motion for summary judgment . . ."

▪ Since the order of summary judgment was entered herein, the doubts of the trial court have been resolved by the decision in *Friend v. Cove Methodist Church, Inc., supra,* overruling the decisions in *Lyon, supra,* and *Pedersen, supra,* and clarifying the decision abrogating the doctrine of charitable immunity in *Pierce, supra.* The judgment is reversed, and the case remanded for a new trial.

DONWORTH, J., did not participate.

HILL, J. (dissenting)—I dissent for the reasons indicated in the companion case of *Friend v. Cove Methodist Church, Inc.* (1964), *ante* p. 174, 396 P. (2d) 546.